FILED
United States Court of Appeals
Tenth Circuit

November 5, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re: DAVID A. MASCIO, d/b/a DM
CAPITAL, INC., MASCIO ASSET
MANAGEMENT, INC., MASCIO
ASSET MANAGEMENT, LLC;
MONICA L. MASCIO,

      Debtors.

_____

DAVID A. MASCIO,

      Appellant,

v.

PAUL GRONEWOLLER;
GRONEWOLLER & ASSOCIATES,

      Appellees.

No. 12-1312
(D.C. No. 1:11-CV-02678-CMA)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **SEYMOUR**, and **LUCERO**, Circuit Judges.

---

This case involves a claim by Paul Gronewoller and Gronewoller &

Associates, Inc. (collectively Gronewoller) objecting to the dischargeability in

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, or collateral estoppel. Although the
court generally disfavors the citation of an order and judgment, it may be cited for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bankruptcy of an investment debt of David Mascio. The district court affirmed the bankruptcy court's determinations that Mascio's debt to Gronewoller was not dischargeable because of fraud in the inducement and that Gronewoller was entitled to $183,641.17 in damages. Mascio appeals, raising several issues. Exercising jurisdiction under 28 U.S.C. § 158(d)(1), we affirm.

We will not recite in detail the facts of this case, which are well known to the parties after more than ten years of litigation. Gronewoller alleged that he was induced by Mascio's fraudulent misrepresentations to purchase a 49 percent interest in a financial and investment advisory business. After disputes arose regarding the business, Gronewoller filed suit against Mascio for fraud in state court in 2001. Shortly before trial, Mascio filed for bankruptcy. Gronewoller then commenced this adversary proceeding to deny discharge of the debt under 11 U.S.C. § 523(a), and to recover damages.

After a trial, the bankruptcy court entered an order in favor of Gronewoller. That order was followed by a series of appeals by Mascio to the district court, remands to the bankruptcy court, and ultimately an affirmance in favor of Gronewoller. Mascio raises three issues in his appeal to this court.

First, Mascio contends Gronewoller waived his claim of fraud in the inducement by his continued participation and investment after obtaining full knowledge of Mascio's misrepresentaton regarding the SEC registration of Mascio's company. The bankruptcy court held that Gronewoller's performance,

"despite knowledge of the February 2000 letter [from the SEC informing Mascio of deregistration of his company due to less than $25 million under management], does not constitute a waiver of his fraud claims" based on "consideration [of] the date of the letter (February 2000), the year to which the letter pertains (1999), the company named in the letter (Mascio Asset Management, Inc. or MAM), and the numerous documents executed after February 2000 which painted a different financial picture." Aplt. App. at 31-32. The district court affirmed the bankruptcy court, concluding that "[a]ny concerns that might have arisen because of the Letter were alleviated by other documents corroborating Mascio's false representation that MAM had sufficient assets to qualify for SEC registration." *Id.* at 65.

Second, Mascio contends the bankruptcy court erred in using extrinsic evidence beyond the "agreed value" stated in the parties' Asset Purchase and Contribution Agreement to determine the "represented value" of the company in calculating Gronewoller's damages. The bankruptcy court considered extrinsic evidence from Gronewoller showing that Mascio had represented the value to be higher than the agreed value set forth in the contract. The district court affirmed this approach but remanded the issue to the bankruptcy court to re-calculate the represented value based only on those representations "with a clear connection to the January 1, 2001 purchase date," *id.* at 76-77. The bankruptcy court thereafter found that the only representation with a clear connection to the purchase date

was Mascio's representation to Gronewoller that he anticipated the assets under management to remain above $30 million through December 31, 2000, which formed the basis of Gronewoller's calculation of MAM, Inc.'s value. Mascio argues that the court should have based damages on the "agreed value" set out in the Agreement.

Third, Mascio contends the bankruptcy court used the wrong "date of purchase" in calculating damages, asserting that the appropriate date was October 1, 2000, the date of the Asset Purchase Agreement, rather than January 1, 2001, the date Gronewoller transferred payment pursuant to the Agreement. The district court determined that this issue was raised for the first time in Mascio's *third* appeal, after the January 1, 2001 date "ha[d] consistently been used as the 'date of purchase' for the purpose of calculating damages," without objection. *Id.* at 84. The court therefore held the issue waived.

We review district and bankruptcy courts' conclusions of law de novo and their findings of fact for clear error. *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010). We have thoroughly reviewed the record and the decisions of the bankruptcy court and district court in light of Mr. Mascio's claims on appeal, and we are not persuaded that those courts erred. Accordingly, we AFFIRM

substantially for the reasons given by the district court.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge